SUSIE (SUZANNE) KALNA, Respondent, v. THE NEWARK FIRE INSURANCE COMPANY and THOMAS R. CLYDESDALE, Appellants. SUSIE (SUZANNE) KALNA, Respondent, v. NEW YORK CO-OPERATIVE UNDERWRITERS and THOMAS R. CLYDESDALE, Appellants.— This is an appeal from two orders denying the appellants' motion for summary judgment under rule 113 of the Rules of Civil Practice. The defendant, The Newark Fire Insurance Company, issued a policy to plaintiff on real and personal property which contained a provision as follows: " unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring ' Other Insurance ' (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; or ' Increase of Hazard ' (b) while the hazard is increased by any means within the control or knowledge of the insured." Plaintiff later secured two other policies with the same conditions. The plaintiff does not plead waiver of the above conditions but alleges the performance of all conditions of the policies. After issue was joined by the service of each insuring defendant's answer, a motion for summary judgment was made under rule 113

of the Rules of Civil Practice upon the ground that the answers of the defendants set forth defenses which are sufficient as a matter of law to entitle the defendants to judgment dismissing the complaint. The defendant Clydesdale, the mortgagee, was never served. He is not a party to this litigation. The complaints proceeded upon the theory and alleged due performance, and the answer of each insuring appellant clearly established the existence of other insurance in violation of the terms and provisions of the policies of insurance. No answering affidavits were served or considered. There was nothing presented by the plaintiff to the court that raises any triable issues of fact. The Special Term suggested to plaintiff an amendment of the complaints which plaintiff has not accepted. Orders of the Special Term reversed, on the law and facts, and the application of the appellants for a dismissal of the complaint and for summary judgment pursuant to rule 113 of the Rules of Civil Practice granted, with costs. Crapser, Schenck and Foster, JJ., concur; Hill, P. J., and Heffernan, J., dissent upon the ground that the plaintiff should have an opportunity to amend her pleadings.